IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:25-MJ-00311-DCK

UNITED STATES OF AMERICA

v.

CRISTOBAL MALTOS

### DEFENSE RESPONSE OPPOSING GOVERNMENT'S MOTION TO CONTINUE

Defendant Cristobal Maltos, through counsel, opposes the Government's Motion to Continue Probable Cause Hearing and in support of this Motion states:

1. On November 15, 2025, U.S. Border Patrol launched operations in Charlotte, North Carolina, led by Greg Bovino, a senior Border Patrol official who was in charge of similar operations in other cities that drew criticism over their aggressive tactics.[1]

2. On the morning of November 17, 2025, Mr. Maltos was taken into custody by masked and unnamed Border Patrol agents in Charlotte.

3. Mr. Maltos is a citizen of the United States.

4. After being detained by Border Patrol Agents on November 17, 2025, Mr. Maltos was taken from Mecklenburg County to Gaston County and held overnight at the Gaston County Jail.

5. The following day, November 18, 2025, the United States Attorney's Office presented an affidavit to a magistrate judge and Mr. Cristobal was charged by Criminal Complaint.

6. The criminal complaint in this matter is assigned to the Charlotte Division.

---

[1] https://www.nytimes.com/2025/11/15/us/us-border-patrol-charlotte-nc-immigration.html?smid=nytcore-ios-share&referringSource=articleShare

1

7. A criminal complaint is a perfectly acceptable way to charge an individual with a felony offense.[2]

8. When an individual is charged with a felony offense by criminal complaint, a magistrate judge must conduct a preliminary hearing unless the defendant waives the hearing or the defendant is indicted.[3]

9. On November 21, 2025, a preliminary hearing was scheduled for December 2, 2025, at 2:00 p.m. in Charlotte.

10. Mr. Maltos has been charged with a felony offense, he has not waived his right to a probable cause hearing, and he has not been indicted.

11. Many charges are initiated by grand jury indictment, and all felonies must be ultimately charged by grand jury indictment unless that requirement is waived by the defendant.[4]

12. From a review of recent filings in this district, it appears a Grand Jury was in session in Charlotte following Mr. Maltos detention and arrest yet counsel for the Government did not elect to bring this matter before the Grand Jury in Charlotte, where the event in question occurred.[5]

13. The government has filed a Motion to Continue the preliminary hearing, stating they "intend to indict Mr. Maltos in the Asheville Grand Jury session, which begins on December 2, 2025" and seeks a continuance based on efficiency for the Court.

14. Probable cause hearings are different from Grand Jury proceedings in that neither counsel for the accused nor magistrates nor judges are permitted in Grand Jury proceedings.[6]

---

[2] F.R.Crim.P. R. 3.
[3] F.R. Crim. P. R. 5.1.
[4] F. R. Crim. P. R. 7.
[5] 3:25-cr-00322, Indicted 11/18/2025; 3:25-cr-00324 Indicted 11/18/2025; 3:25-cr-00329, Indicted 11/18/2025; 3:25-cr-00325, Indicted 11/18/2025; 5:25-cr-00054, Indicted 11/18/2025; 5:25-cr-00055; Indicted 11/18/2025; 3:25-cr-00328, Indicted 11/19/2025.
[6] F. R. Crim. P. 6(d)(1). "The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device."

15. A probable cause hearing, which the Defendant is seeking, is also different from Grand Jury proceedings in that Grand Jury proceedings are secret and those present may not disclose what witnesses have testified to or evidence they have seen.[7]

16. If the Court is to determine that the purpose for this continuance is judicial efficiency, the Court must understand that the Government chose not to present this matter to a Charlotte Grand Jury that was sitting within ten miles of where this event was alleged to have occurred shortly after it occurred.

17. Having chosen not to indict this matter previously, the Government could present this case for probable cause in open court, and their witnesses can answer questions of undersigned counsel at the time already scheduled in Charlotte, and this Court can determine whether probable cause can be established to continue to hold Mr. Maltos on this charge.

18. The Government also has the right and the ability to travel to Asheville with their witnesses from Charlotte to present this matter to the Asheville Grand Jury on the morning of December 2, 2025. If the Grand Jury returns a true bill, the afternoon hearing will be cancelled, and no court time will be expended on this matter. If the Grand Jury does not return a true bill, then the government can assess if and how they proceed.

19. Travel to Asheville and related decisions rest with the Government and do not justify any action by this Court.

WHEREFORE, the Defendant respectfully requests that this Court deny the Government's Motion to Continue Probable Cause Hearing.

This, the 26th day of November 2025.

Respectfully submitted,

/s/ C. Melissa Owen
C. Melissa Owen
TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue

---

[7] F.R.Crim. P. R. 6(e)(2).

Charlotte, NC  28203
T:  704-338-1220
F:  704-338-1312
cmowen@tinfulton.com
*Counsel for Mr. Maltos*


/s/ Anne M. Tompkins
Anne M. Tompkins
NC Bar 19511
c/o 301 E. Park Avenue
Charlotte, NC  28203
T:  704-533-5467
ATompkins2026@gmail.com
*Counsel for Mr. Maltos*